# IN THE UNITED STATES DISTRICT COURT
# FOR THE SOUTHERN DISTRICT OF OHIO
# WESTERN DIVISION AT DAYTON

| | |
|---|---|
| THURMAN MILLER, | : |
| Plaintiff, | : |
| | : Case No. 3:17cv00414 |
| vs. | : |
| | : District Judge Thomas M. Rose |
| COMMISSIONER OF THE SOCIAL SECURITY ADMINISTRATION, | : Magistrate Judge Sharon L. Ovington |
| Defendant. | : |

## REPORT AND RECOMMENDATIONS[1]

This case is before the Court upon a Motion for Allowance of Attorney Fees filed by Plaintiff's counsel (Doc. #15), the Commissioner's Response (Doc. #16), Plaintiff's counsel's Reply (Doc. #17), and the record as a whole. Plaintiff's counsel seeks an award of $13,475.00 in attorney fees under 42 U.S.C. § 406(b)(1). "[T]he Commissioner requests that the Court determine an appropriate fee for counsel's services." (Doc. #16, *PageID* #753).

## I.

Before this case began, Plaintiff and his counsel entered into a written contingency-fee agreement. The agreement documented Plaintiff's agreement to pay attorney fees in the amount of 25% of any lump sum award for past-due Social Security benefits payable to Plaintiff. The agreement also documented counsel's willingness to work on a contingency-fee

---

[1]Attached hereto is a NOTICE to the parties regarding objections to this Report and Recommendations.

basis. This resulted in counsel's acceptance of the risk he would recover zero attorney fees in the event Plaintiff received no past-due benefits. *See* Doc. #15, *PageID* #699.

As this case proceeded, the Court granted the parties' Joint Motion to Remand and Judgment was entered accordingly. On remand, the Social Security Administration awarded past-due benefits to Plaintiff and withheld from those benefits $39,974.00 for payment of attorney fees. *Id*. at 702. The Administration also awarded auxiliary benefits to Plaintiff's dependents and withheld from those benefits a total of $19,963.50 for payment of attorney fees. *Id*. at 711, 716, 722, 727.

## II.

Section 406(b) authorizes this Court to award attorney's fees when a plaintiff brings a successful challenge to the Social Security Administration's denial of his or her application for benefits. *See Damron v. Comm'r of Soc. Sec.*, 104 F.3d 853, 856 (6th Cir. 1997). The award may not exceed 25% of the past-due benefits that the plaintiff received as a result of the successful challenge. *See id*.; *see also* 42 U.S.C. § 406(b)(1).

To succeed under § 406(b), the plaintiff's counsel must show, and the court must affirmatively find, that the contingency fee sought—even one within the 25% cap—is reasonable for the services rendered. *Gisbrecht v. Barnhart,* 535 U.S. 789, 807 (2002); *see Lasley v. Comm'r of Soc. Sec.*, 771 F.3d 308, 309 (6th Cir. 2014). Section 406(b) "does not displace contingent-fee agreements" but instead "calls for court review of such arrangements as an independent check, to assure that they yield reasonable results in particular cases." *Gisbrecht,* 535 U.S. at 807.

To determine whether an award under § 406(b) is reasonable, a floor/ceiling approach

guides the way. The ceiling is § 406(b)'s 25% cap, which "accords a rebuttable presumption of reasonableness to contingency agreements that comply with § 406(b)'s 25%-cap." *Lasley*, 771 F.3d at 309. The floor is "[the] hypothetical rate that is twice the standard rate for such work in the relevant market." *Hayes v. Sec'y of Health & Human Servs.*, 923 F.2d 418, 422 (6th Cir. 1991). "'[A] hypothetical hourly rate that is less than twice the standard rate is *per se* reasonable ...'" *Lasley*, 771 F.3d at 309 (quoting *Hayes*, 923 F.2d at 421). Courts may consider arguments attacking the rebuttable presumption of reasonableness that attaches to awards above the double-the-standard-rate floor and below the 25% statutory ceiling. *Id*.

"Reasonableness" remains the heart of the matter. And care must be taken to consider the presumption a rebuttable—not a strict—presumption of reasonableness. *Lasley*, 771 F.2d at 309 (noting, "*Gisbrecht* ... elides strict presumptions altogether."). Reducing a sought-after award is warranted to avoid a windfall to counsel especially "'[i]f the benefits are large in comparison to the amount of time counsel spent on the case ....'" *Id*. at 310 (quoting *Gisbrecht*, 535 U.S. at 808).

### III.

Plaintiff's counsel presently seeks approval of a $13,475.00 award of attorney fees from the funds withheld from Plaintiff's past-due benefits. She calculates that given her 20.25 hours of work on this case in this Court, her hypothetical hourly rate would be $665.43. (Doc. #15, *PageID* at 694). This slightly bungles the math because $13,475.00 ÷ 20.50 = $657.32.

The Commissioner contends that the circumstances Plaintiff's counsel presents do not establish the absence of a windfall because the fee she seeks would result in an hourly rate more than three times the standard hourly rate applied in social-security cases in this Court.

3

The Commissioner also observes that the requested hourly award is almost twice the $350 to $400-hour ceiling identified by several judges in this District in §406(b) situations.

What "standard rate" applies here? This straightforward question becomes somewhat gnarled by the reality that nearly all social-security attorneys accept cases on a contingency-fee basis. "Accordingly, these attorneys have no documented 'standard' hourly rate." *Lee v. Comm'r of Soc. Sec.*, 3:14cv291, 2018 WL 2999909, at *2 (S.D. Ohio 2018) (Rice, D.J.) (citing *Ringel v. Comm'r of Soc. Sec.*, 295 F. Supp. 3d 816, 829 (S.D. Ohio 2018); *Scappino v. Comm'r of Soc. Sec.*, No. 1:12-cv-2694, 2015 WL 7756155, at *3 (N.D. Ohio Dec. 1, 2015)).

Dividing Plaintiff's requested hypothetic hourly rate by two results in the standard hourly rate of $328.50 ($657.32 ÷ 2 = $328.50). This is within the range—$210 to $350—of hourly billing rates for social-security attorneys in 2013, according to an Ohio State Bar Associate survey conducted in 2013. *See Lee*, 3:14cv291, 2018 WL 2999909, at *4. Doubling this estimated maximum-standard rate in this range to $700.00 reveals that the hypothetical hourly rate counsel seeks (again, $657.32) is below the hypothetical maximum rate. As a result, the hypothetical hourly rate counsel seeks is *per se* reasonable, although subject to rebuttal. *See Lasley*, 771 F.3d at 309.

The total fee award Plaintiff's counsel requests—$13,475.00—is not a windfall to her. Not only does it represent a reasonable hypothetical hourly rate of $657.32, it is also below the hypothetical hourly rates permitted in a number of well-reasoned decisions in this District. *See, e.g., Jodrey v. Comm'r of Soc. Sec.*, No. 1:12-cv-725, 2015 WL 799770, at *3-4 (S.D. Ohio 2015) Report and Recommendation (Litkovitz, M.J.), *adopted,* 2015 WL 1285890 (S.D. Ohio 2015) (Barrett, D. J.) (approving hypothetical hourly rate of $700); *Havens v. Comm'r of Soc.*

4

*Sec.*, No. 2:12-cv-637, 2014 WL 5308595, at *2 (S.D. Ohio Oct. 16, 2014) Report and Recommendation (Kemp, M.J.), *adopted*, 2014 WL 6606342 (S.D. Ohio 2014) (Smith, J.) (approving hypothetical hourly rate of $750.00); *Metz v. Comm'r, Soc. Sec. Admin.*, 2014 WL 1908512, at *1-2 (S.D. Ohio 2014) (Black, D.J.) (approving hypothetical hourly rate of $780.25); *Pickett v. Astrue*, 2012 WL 1806136, at *2 (S.D. Ohio 2012) (Black, D. J.) (approving hypothetical hourly rate of approximately $709). Plaintiff's counsel, moreover, filed a skillful Statement of Errors that led to a joint remand for further administrative proceedings. On remand she secured significant awards of benefits (including past-due benefits) for Plaintiff and his three dependents. And, the 20.25 hours Plaintiff's counsel documented in her billing records is a reasonable amount of work in this case. *Spiller v. Comm'r of Soc. Sec.*, 940 F.Supp.2d 647, 652 (S.D. Ohio 2013) ("Without establishing a firm, bright line rule, the Court surveyed a large number of EAJA fees/costs petitions recently filed in this District, and found the general range of time expended on these cases is 15–25 hours."). For these reasons, the proposed hypothetical hourly rate in this case ($657.32) and the total amount of attorney fees counsel seeks do not constitute a windfall to Plaintiff's counsel.

The Commissioner's rebuttal relies on certain considerations identified and applied to a §406(b) motion in *Ringel v. Comm'r of Soc. Sec.*, 295 F.Supp.3d 816, 819 (S.D. Ohio 2018). The Commissioner first notes that the hypothetical hourly rate here is slightly higher than the $600.00 rate approved in *Ringel*. *Ringel* was decided nearly two years ago. It is neither surprising nor unreasonable that the hourly rate has increased since then. Additionally, because the amount of increase is below twice the standard rate, the fact that an increase has

5

occurred since *Ringel* does not rebut the *per se* reasonableness attached to the hypothetical hourly rate Plaintiff's counsel seeks.

The Commissioner, again pointing to *Ringel*, argues that the Court should consider "whether the requested fee already reflects a reduction from 25% of the plaintiff's past-due benefits …." (Doc. #16, *PageID* #752). The Commissioner continues, "because counsel is seeking a fee of $26,162.50 for work performed before the Social Security Administration…, the fourth *Ringel* factor [described in the previous sentence] does not favor counsel here." *Id.* (citing *Ringel*, 295 F.Supp.3d at 839).

Said more plainly, the plaintiff's counsel in *Ringel* compromised the amount of her requested attorney fees by subtracting the amount ($6,000) she expected to receive for her work at the administrative level from the full 25% withheld from past-due benefits by the Administration. 295 F.Supp.3d at 839. The Commissioner is correct that Plaintiff's counsel in the instant case does not offer a similar compromise—*i.e.*, she does not subtract the amount of attorney fees she earned at the administrative level from the full 25% withheld by the Administration from Plaintiff's (and his dependents') past-due benefits. This works against Plaintiff's counsel—as the Commissioner sees it—because her fee request does not already reflect the *Ringel* compromise—*i.e.*, reduction of the amount counsel earned at the administrative level from 25% of the plaintiff's past-due benefits. (Doc. #16, *PageID* #752). This, however, does not rebut the *per se* reasonable of counsel's fee request for two reasons.

First, the amount of fees Plaintiff's counsel seeks in this Court is less than the full 25% of Plaintiff's (and his dependents') past-due benefits even though counsel does not subtract from the 25% the amount she earned at the administrative level. Indeed, the $13,475.00 in

6

§406(b) fees Plaintiff's counsel seeks is far less than the total of $59,938.00 the Administration withheld from Plaintiff's (and his dependents') past-due benefits. Moreover, combining the §406(b) fees counsel asks for in this Court ($13,475.00) with the amount of fees she seeks under 42 U.S.C. §406(a) for her work at the administrative level ($26,162.50) adds up to $39,637.50—still far less than the $59,938.00 withheld from Plaintiff's (and his dependents') past-due benefits. Because counsel's present fee request is less than 25% of Plaintiff's (and his dependents') past-due benefits, her requested fee amount remains reasonable and not a windfall.

Second, *Ringel* itself recognizes:

> [I]n the Sixth Circuit, the 25% cap on attorney fees applies <u>only</u> to awards under §406(b), and has no bearing on the separate award of §406(a) fees made by the agency. The impact of the Sixth Circuit's approach increases the amount of payment that may be recoverable by plaintiff's attorneys, since they are permitted to seek the full 25% of past-due benefits under §406(b) without any reduction to account for the agency's payment under §406(a).

295 F.Supp.3d at 840 (emphasis in original; footnote and citations omitted). Given the independence of attorney fees under §406(b) and those awarded at the administrative level under 4016(a), the fact that Plaintiff's counsel has not reduced the maximum 25% of past-due benefit by the amount she earned at the administrative level fails to rebut the *per se* reasonableness of the amount of attorney fees she now seeks for her work in this Court. *Cf. Ringel*, 295 F.Supp.3d at 840 (plaintiff seeks a compromise amount of §406(b) award by seeking less than 25% withheld from past-due benefits).

Lastly, the Commissioner believes that some of counsel's billing entries are relevant under *Ringel* because certain entries are either associated with non-attorney work or show

7

excessive billing amounts by using quarter-hour increments. The Commissioner maintains, "if the number of hours were adjusted to discount tasks that could have been performed by a non-attorney and to eliminate that inflationary effect of the quarter-hour billing increment, the implied hourly rate in this case would be somewhat higher than $665.43 per hour." (Doc. #16, *PageID* #753).

The Commissioner does not point to a case that prohibits quarter-hour billing. This is likely because rather than imposing a blanket prohibition against quarter-hour billing, courts review the specifically challenged billing entries (typically in the EAJA setting) to determine whether they were reasonable. *See Newell v. Astrue*, 3:07cv00412, 2012 WL 936672, at *3 (S.D. Ohio 2012) (Ovington, M.J.), Report & Recommendations *adopted*, 2012 WL 1185991, at *1 (2012) (Rice, D.J.); *see also Spiller v. Comm'r of Soc. Sec.*, 940 F.Supp.2d 647, 651 (S.D. Ohio 2013) (Rice, D.J.; Newman, M.J.); *Carlisle v. Barnhart,* 2008 WL 420032 at *3 (S.D. Ohio 2008) (Rice, D.J.; Ovington, M.J.); *Kyser v. Apfel,* 81 F.Supp.2d 645, 647 (W.D. Va. 2000); *Sandoval v. Apfel,* 86 F.Supp.2d 601, 615 (N.D. Tex. 2000).

Upon review of the billing entries the Commissioner challenges, three identify paralegal or clerical work. *See* Doc. #156, *PageID* #728 (billing entries for work on 12/11/17, 1/11/18, and 4/10/18). Paralegal and clerical work should not be billed at the hourly rate charged by attorneys. *See Unice v. Berryhill*, 3:16cv02469, 2018 WL 3496633, at *6 (M.D. Tenn. 2018) ("A district court may in its discretion decline to award attorney's fees 'for purely clerical tasks such as filing documents and preparing and serving summons.'"), Report & Recommendation *adopted*, 2018 WL 5871814 (2018); *see also Hoefle v. Colvin*, 1:12cv01719, 2014 WL 5217041, at *4 (E.D. Cal. 2014) ("time spent to e-file documents is routinely found to be

8

clerical work that is non-compensable under the EAJA."). Yet, neither these billing entries nor the others the Commissioner challenges inflate the amount of requested attorney fees to gain Plaintiff's counsel with a windfall, particularly when the amount she seeks under §406(b) is less than 25% withheld from past-due benefits. Lastly, although some of tasks counsel performed and billed in quarter-hour increments likely took less than fifteen minutes, other tasks likely took longer than fifteen minutes. These discrepancies tend to even out in this case, thus indicating the absence of a windfall in the amount of §406(b) fees Plaintiff's counsel seeks.

Accordingly, Plaintiff's counsel's Motion for Allowance of Attorney Fees is well taken.

**IT IS THEREFORE RECOMMENDED THAT:**

1. The Motion for Allowance of Attorney Fees filed by Plaintiff's counsel (Doc. #15) be GRANTED, and the Commissioner be directed to pay Plaintiff's attorney fees pursuant to 42 U.S.C. § 406(b) in the total amount of $13,475.00;

2. Plaintiff's counsel be directed to pay Plaintiff the amount—$3,827.00—of attorney fees previously awarded counsel under the Equal Access to Justice Act (Doc. #14); and,

3. The case remain terminated on the docket of this Court.

November 20, 2019                      *s/Sharon L. Ovington*
                                                    Sharon L. Ovington
                                                    United States Magistrate Judge

# NOTICE REGARDING OBJECTIONS

Pursuant to Fed. R. Civ. P. 72(b), any party may serve and file specific, written objections to the proposed findings and recommendations within fourteen days after being served with this Report and Recommendations. Such objections shall specify the portions of the Report objected to and shall be accompanied by a memorandum of law in support of the objections. If the Report and Recommendations are based in whole or in part upon matters occurring of record at an oral hearing, the objecting party shall promptly arrange for the transcription of the record, or such portions of it as all parties may agree upon or the Magistrate Judge deems sufficient, unless the assigned District Judge otherwise directs. A party may respond to another party's objections within fourteen days after being served with a copy thereof.

Failure to make objections in accordance with this procedure may forfeit rights on appeal. *See Thomas v. Arn,* 474 U.S. 140 (1985); *see also United States v. Walters,* 638 F.2d 947 (6th Cir. 1981).